# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL PLUMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00180-AGF |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before the Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Michael Plummer was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  For the reasons stated below, the decision will be affirmed.

## BACKGROUND

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Material Facts (Doc. No. 25-1), as supplemented by Defendant. (Doc. Nos. 28-1 & 28-2).  Together, these statements provide a fair description of the record before the Court.  Specific facts will be discussed as needed to address the parties' arguments.

---

[1] After this case was filed, a new Commissioner of Social Security was confirmed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Commissioner Andrew Saul as the defendant in this suit.

Plaintiff, who was born on November 15, 1980, protectively filed his applications for benefits on January 3, 2019 and January 4, 2019. He initially alleged disability beginning on March 16, 2016, due to epilepsy, hypertension, migraines, back pain, anxiety, and depression. Tr. 12-13. Plaintiff later amended his alleged onset date to January 1, 2019. Tr. 10. Plaintiff's application was denied at the administrative level, and he thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 5, 2020. Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. By decision dated June 18, 2020, the ALJ found that Plaintiff had the severe impairments of epilepsy and non-severe impairments of hypertension, migraines and back pain. Tr. 13. The ALJ noted that, although Plaintiff alleged he had anxiety and depression, there are no objective or clinical findings to support such a diagnosis in the record. *Id*. The ALJ found that none of Plaintiff's impairments or combinations of impairments met or medically equaled one of the deemed-disabling impairments listed in the Commissioner's regulations.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels as defined by the Commissioner's regulations, except that he can "never climb ladders, ropes, or scaffolds; never work at unprotected heights; never operate moving mechanical parts; and never be exposed to concentrated levels of vibration." Tr. 13.

The ALJ next found that Plaintiff could perform past relevant work as a Computer Programmer (DOT #030.162-010, SVP 7), Microcomputer Support Specialist (DOT

2

#039.264-010, SVP 7), Database Support (DOT #032.262-010, SVP 7), and Cashier (DOT #211.462-014, SVP 3).  Tr. 17.  Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.

Plaintiff thereafter filed a timely request for review by the Appeals Council, which was denied on December 16, 2020.  Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

In his brief before this Court, Plaintiff argues that the ALJ erred by relying on the opinion of non-examining state agency consultant Kevin Threlkeld, M.D. and because the RFC lacks limitations for after Plaintiff experiences a seizure.  Plaintiff asks that the ALJ's decision be reversed and that the case be remanded for an award of benefits or, alternatively, further evaluation.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011).  The court "may not reverse merely because substantial evidence would support a contrary outcome.  Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted).  A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision.  If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence

3

and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four

4

whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). But even though the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability remains on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

**Improper reliance on Dr. Threlkeld**

Plaintiff claims the ALJ erred in finding the opinion of state consultative examiner Dr. Threlkeld persuasive because he did not have the opportunity to review Plaintiff's most recent medical records, including notes from several visits to Plaintiff's treating neurologist, Dr. Prityi Rani, Tr. 550, 567, 950, 981, 988, 968, 997; the opinion of Plaintiff's treating provider, Dr. Tim Baker, Tr. 1170; imaging documenting cervical spine stenosis, Tr. 962, 1084; and medical records from two hospital visits related to falls that occurred during seizures. Tr. 1200, 1017.

A consultant's medical opinion need not be based on subsequently-created medical records for the ALJ to rely on it. *Barker v. Colvin*, 2015 WL 4928556, at *1 (W.D. Mo. Aug. 18, 2015) ("[T]he Court is not aware of any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's opinion must necessarily be discounted because it is not based on

5

those records."). Furthermore, the opinions of state agency medical examiners merit significant consideration, as ALJs are required by regulation to consider their findings of fact about the nature and severity of a claimant's impairments. *See* 20 C.F.R. §§ 404.1527(f); 20 C.F.R. §§ 404.1513a(b)(1) (ALJs "must" consider evidence proffered by a state agency disability examiner, "because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). *See also Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (an ALJ may credit the opinion of a non-examining or non-treating medical provider over the assessments or notes of the treating physician). However, "an ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016)).

Dr. Threlkeld issued his opinion on June 12, 2019. Tr. 116. He found that Plaintiff "does have seizures as alleged but continues to be able to perform daily activities independently." Tr. 111. He further found Plaintiff has "no physical or daily functioning limits unless he has a seizure," and determined Plaintiff had the RFC to perform work at any exertional level, but could never climb ladders, ropes, or scaffolds, must avoid concentrated exposures to vibrations, and should avoid exposure to all hazards including machinery and heights. Tr. 112-13. The ALJ found Dr. Threlkeld's opinion is "persuasive" because it is consistent with the record, which indicated Plaintiff "had

6

seizure activity, but also presented with normal strength and range of motion."  Tr. 17.  The RFC adopted by the ALJ contains the same limitations.  Tr. 13.

Plaintiff contends that the ALJ should not have relied on Dr. Threlkeld's medical opinion because significant medical records were created after Dr. Threlkeld authored his opinion.  However, Dr. Threlkeld did review at least one of the documents Plaintiff cites, treatment notes from Dr. Rani dated April 25, 2019.  Tr. 950.  Dr. Threlkeld specifically mentioned these notes in his opinion.  Tr. 113 ("At [Plaintiff's] most recent doctor visit on 4/25/19 . . . .").  Several of the other records Plaintiff references predate Dr. Threlkeld's opinion, and it appears that he did have access to those records.  Tr. 550, 567, 962, 1017.

None of the evidence cited by Plaintiff contains "new, significant medical diagnoses," such that it would be inappropriate for the ALJ to rely upon Dr. Threlkeld's opinion.  *Moreno* 882 F.3d at 728.  Plaintiff's treatment records with Dr. Rani continue to document his seizure condition, but do not note any significant changes in Plaintiff's condition.  Tr. 550, 567, 950, 981, 988, 968, 997.  The CT scan showed mostly unremarkable findings in Plaintiff's brain and cervical spine with the exception of air fluid in the right sphenoid sinus.  Tr. 1084.  The MRI revealed a fracture in the T7 vertebrae related to Plaintiff's fall.  Tr. 1200.

Furthermore, the ALJ was able to review all the medical records.  She found Dr. Rani's opinion, that Plaintiff could not drive until March 2020 due to seizures, to be of "limited persuasive value," because although it is supported by his treatment notes and

7

consistent with the record, it is limited in scope and duration. Tr. 16, 968. The ALJ found Dr. Baker's opinion was "unpersuasive" because it is not supported by notes other than a diagnosis of epilepsy and is not consistent with the record. Tr. 16. The ALJ also makes note of both of Plaintiff's hospitalizations. Tr. 15. In light of all the evidence before her, the ALJ found that Dr. Threlkeld's opinion was supported by the evidence at the time he authored his opinion and remained consistent with the record. Tr. 16-17. Accordingly, the Court concludes that the ALJ did not err in relying on Dr. Threlkeld's opinion.

**RFC's Limitations**

Plaintiff next contends that the ALJ erred by failing to include limitations in the RFC for after Plaintiff experiences a seizure. Plaintiff argues that his seizures typically last between 4 and 10 minutes, he requires the rest of the day to recover, and the seizures occur more than once every two months. The ALJ did not need to include such a restriction in the RFC because she reasonably concluded that such a restriction was not necessary. Plaintiff testified at the hearing that he requires "most of the day" to recover from a seizure "because my head is so out of it." Tr. 92. The ALJ found Plaintiff's testimony about "the intensity, persistence and limiting effects of these symptoms [is] not entirely consistent with the medical evidence and other evidence in the record. . . ." Tr. 14.

Where an ALJ seriously considers, but for good reason explicitly discredits, a Plaintiff's subjective complaints, the Court will not disturb the ALJ's credibility

8

determination. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination.").

Plaintiff has pointed to no medical evidence or opinion testimony which supports his contention that he requires the full day to recover from his seizures. The ALJ noted that "treatment records found [Plaintiff]'s seizures occurred only once every two months." Tr. 17. Treatment records from Plaintiff's treating provider, Dr. Daniel Mattson, dated March 12, 2020 and June 19, 2020 indicated that Plaintiff's seizures last only 3-4 minutes and are followed by a period of only 15-30 minutes of confusion. Tr. 33, 1162. Dr. Mattson further notes that Plaintiff has seizures around 5 or 6 times a year. *Id*. As such, the ALJ did not err in declining to include a restriction for after Plaintiff's seizures in the RFC.

Moreover, the VE concluded that a person with Plaintiff's vocational factors who "can perform work at all exertional levels. Can never climb ladders, ropes, or scaffolds. Can never work at unprotected heights. Can never operate moving mechanical parts and can never be exposed to concentrated levels of vibration" and has one seizure per month that lasts 5-10 minutes and requires more than an hour for recovery "would still allow for an individual to maintain generally acceptable levels of productivity." Tr. 98. Thus,

9

even assuming that ALJ concluded Plaintiff required time in excess of an hour to recover from a seizure once a month, the testimony of the VE still supports a conclusion that Plaintiff is not disabled.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.  A separate Judgment shall accompany this Memorandum and Order.

                                                AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE

Dated on this 19th day of August, 2022.